JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
BLAKE D. STAMM (CTBN 301887)
Assistant United States Attorney
 10th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California  94102
 Telephone:  (415) 436-7063
 Fax:            (415) 436-6748

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NIDIA A. GONZALEZ, | ) | Case No. CV-10-1387-MEJ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ANSWER OF UNITED STATES OF AMERICA |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the defendant United States of America by and through its counsel of record, Joseph P. Russoniello, United States Attorney for the Northern District of California, and Blake D. Stamm, Assistant United States Attorney, Chief, Tax Division, and for its answer to plaintiff's complaint admits, denies and alleges as follows:

Denies each and every allegation of such complaint not admitted, qualified or otherwise specifically referred to below:

Further answering, the defendant United States of America says that:

PRELIMINARY STATEMENT

1. Admits the allegation contained in paragraph 1 of the complaint that this is a wrongful levy suit, seeking recovery of $33,506.40 and an injunction, but denies the remaining allegations contained in paragraph 1 of the complaint.

  2-3. Admits the allegations contained in paragraphs 2 through 3 of the complaint.

JURISDICTION AND VENUE

  4-5. Admits the allegations contained in paragraphs 4 through 5 of the complaint.

FACTUAL BACKGROUND

**A. Ms. Gonzalez's Separate Property**

  6. Denies the allegations contained in paragraph 6 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

  7. Denies the allegations contained in paragraph 7 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

  8. Denies the allegations contained in paragraph 8 of the complaint.

  9. Admits the allegation contained in paragraph 9 of the complaint.

  10. Denies the allegations contained in paragraph 10 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B. The Pre-Existing Tax Liability of A & A Hauling & Landscaping Service**

  11. Denies the allegation of for lack of knowledge or information to form a belief as to the date of plaintiff's marriage and admits the remaining allegations contained in paragraph 11 of the complaint.

  12. Admits the allegations contained in paragraph 12 of the complaint.

  13. Admits the allegations contained in paragraph 13 of the complaint.

  14. Admits the allegations contained in paragraph 14 of the complaint.

**C. Ms. Gonzalez's Request for Return of Property and Removal of the Levy**

  15. Admits the allegations contained in paragraph 15 of the complaint.

  16. Denies the allegations contained in paragraph 16 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

  17. Admits the allegations contained in paragraph 17 of the complaint.

  18. Denies the allegations contained in paragraph 18 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

///

Case3:10-cv-01387-MEJ   Document6   Filed06/15/10   Page3 of 5

|   |   |
|---|---|
| 1 | 19. Admits the allegations contained in sentence 1 of paragraph 19 of the complaint that plaintiff telephoned Revenue Agent Chandra Zan, but denies the allegations that Revenue Agent Zan agreed that the levy appeared improper, stated that she was unable to determine the procedure for removing the levy, and stated that she would call Ms. Gonzalez back with more information. |

19. Admits the allegations contained in sentence 1 of paragraph 19 of the complaint that plaintiff telephoned Revenue Agent Chandra Zan, but denies the allegations that Revenue Agent Zan agreed that the levy appeared improper, stated that she was unable to determine the procedure for removing the levy, and stated that she would call Ms. Gonzalez back with more information.

20. Admits the allegation contained in paragraph 20 of the complaint that plaintiff received no further call from Revenue Agent Zan but denies any acknowledgment by Revenue Officer Zan that the levy was improper.

21. Denies the allegations contained in paragraph 21 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22. Admits the allegation that Ms. Gonzalez received a letter from Operations Manager Terri M. Jones dated May 8, 2009, but denies the allegation that this letter was in response to any improper levy submission made by Ms. Gonzalez.

23. Admits the allegations contained in paragraph 23 of the complaint, but denies the allegation that the May 8, 2009 letter regarded an improper levy claim.

24. Denies the allegations contained in paragraph 24 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25. Denies the allegations contained in paragraph 25 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26. Denies the allegations contained in paragraph 26 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27. Admits the allegations contained in paragraph 27 of the complaint, but denies the allegation that Ms. Gonzalez had previously filed a formal request for wrongful levy.

**FIRST CLAIM FOR RELIEF**

**(Wrongful Levy for Wages Levied from February 17, 2009 to Present)**

28. Admits that the allegations contained in paragraphs 1 through 27 of the complaint are incorporated in paragraph 28.

29. Denies the allegations contained in paragraph 29 of the complaint.

30. Admits the allegations contained in paragraph 30 of the complaint.

ANSWER OF U.S.A.
CV-10-1387
3

31. Denies the allegations contained in paragraph 31 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32. Denies the allegations contained in paragraph 32 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33. Denies the allegations contained in paragraph 33 of the complaint.

34. To the extent Rule 8 requires, denies the allegations contained in paragraph 34 of the complaint because this appears to be a typographical error.

## SECOND CLAIM FOR RELIEF

### (Injunction Against Further Wrongful Levy)

35. Admits that the allegations contained in paragraphs 1 through 27 of the complaint are incorporated in paragraph 35.

36. Admits the allegations contained in paragraph 36, but denies that the levy was "wrongful."

37. Admits the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39. Denies the allegations contained in paragraph 39 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40. Denies the allegation contained in paragraph 40 of the complaint.

## THIRD CLAIM FOR RELIEF

### (Overpayment Interest)

41. Admits that the allegations contained in paragraphs 1 through 27 of the complaint are incorporated in paragraph 41.

42. Admits the allegations contained in paragraph 42, but denies that the levy was "wrongful."

43. Admits the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1   45.   Denies the allegations contained in paragraph 45 of the complaint for lack of
2   knowledge or information sufficient to form a belief as to the truth thereof.

3   46.   Denies the allegation contained in paragraph 46 of the complaint.

## FOURTH CLAIM FOR RELIEF

### (Damages)

6   47.   Admits that the allegations contained in paragraphs 1 through 27 of the complaint are
7   incorporated in paragraph 47.

8   48.   Admits the allegations contained in paragraph 48, but denies that the levy was
9   "wrongful."

10   49.   Admits the allegations contained in paragraph 49.

11   50.   Denies the allegations contained in paragraph 50 of the complaint for lack of knowledge
12   or information sufficient to form a belief as to the truth thereof.

13   51.   Denies the allegations contained in paragraph 51 of the complaint for lack of knowledge
14   or information sufficient to form a belief as to the truth thereof.

15   52.   Denies the allegations contained in paragraph 52 of the complaint.

16   53.   Denies the allegations contained in paragraph 53 of the complaint.

17   **WHEREFORE**, United States of America prays for relief as follows:

18   (a)  That plaintiff takes nothing by the complaint;

19   (b)  That judgment be entered in favor of the United States of America;

20   (c)  That the Court award such other relief as is just and proper.

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Blake D. Stamm
BLAKE D. STAMM
Assistant United States Attorney
Tax Division

ANSWER OF U.S.A.
CV-10-1387

5